UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRENDA HOLLOWAY,

                Plaintiff,

v.                              Case No.   8:08-cv-1208-T-33TBM

SELECT HOTELS GROUP, LLC d/b/a
Hyatt Place Busch Gardens, and KURT
STRAUSS,
                Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to the following filings, all relevant to the issue of whether this case should be remanded to state court: Plaintiff's Motion to Remand (Doc. # 11), filed on July 23, 2008; Defendant Select Hotels Group, LLC's Notice of Consent to Removal (Doc. # 12), filed on July 23, 2008; Plaintiff's Motion to Strike (Doc. # 14), filed on July 30, 2008; Defendants' Opposition to Plaintiff's Motion to Remand and Motion to Strike and Defendants' Motion for Leave to File Amended Notice of Removal (Doc. # 22), filed on August 26, 2008; Plaintiff's Opposition to Defendants' Motion for Leave to File Amended Notice of Removal (Doc. # 24), filed on August 27, 2008; Defendants' Motion for Leave to File Reply to Plaintiff's Opposition to Defendants' Motion for Leave to File Amended Notice of Removal (Doc. # 26), filed on September 12, 2008; and Plaintiff's Opposition to Defendants' Motion for Leave to File Reply (Doc. # 27), filed on September 15, 2008.

There are several motions pending, but only one issue for this Court to decide: whether this case should be remanded to state court due to a defect in the removal process. This Court declines to remand this case to state court for the reasons that follow.

## I. **State Court Complaint**

On April 10, 2008, Plaintiff Brenda Holloway (hereafter, "Holloway"), filed her complaint against Defendants Select and Strauss in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, case number 08-07820. (Doc. # 2). Holloway's complaint contains six counts as follows: assault and battery (Count I), defamation and invasion of privacy (Count II), Florida Whistleblower Act (Count III), sexual harassment (Count IV), retaliation (Count V), and breach of contract (Count VI). (Doc. # 2).[1]

From the face of Holloway's complaint, there is no indication that diversity of citizenship exists. Holloway identified herself and Defendant Strauss as residents and citizens of Florida, and she

---

[1] Count III of Holloway's complaint, for violation of the Florida Whistleblower Act, Florida Statute Section 448.101, states in part: "During the term of Plaintiff's employment, she objected to an activity and practice, which was in violation of the Florida Civil Rights Act of 1992 and Title VII of the Civil Rights Act of 1964, as amended. In particular, Plaintiff objected to a hostile work environment because of sexual harassment created and perpetrated by Defendant Strauss and his retaliatory conduct." (Doc. # 2 at ¶ 22). This is the only reference to a federal statute or claim in the complaint. Holloway's counts for sexual harassment and retaliation are asserted under the Florida Civil Rights Act of 1992, Florida Statute Section 760.01, et seq.

identified Defendant Select as operating a business in Florida. (Doc. # 2 at ¶¶ 2-4). In addition, she indicated that her damages exceeded $15,000. (Doc. # 2 at ¶1).

## II. Notice of Removal

On June 23, 2008, Strauss filed a notice of removal on the basis of diversity of citizenship. (Doc. # 1). Strauss indicated in the notice of removal that he resides in New Jersey (rather than Florida), that Select is a Delaware corporation with its principal place of business in Illinois, and that Holloway resides in Florida. (Doc. # 1 at 3). Strauss also asserted that the amount in controversy exceeds $75,000, as evidenced by Holloway's alleged pre-suit demand for $500,000. (Doc. # 1 at 2).

In the notice of removal, Strauss stated that service of process was effected on Strauss on June 20, 2008. (Doc. # 1 at 1). However, Attorney Andrew J. Salzman, counsel for Strauss, later filed an affidavit explaining that his statement regarding the June 20, 2008, service upon Strauss was incorrect. (Doc. # 22-2). Holloway does not agree with Salzman on this issue, but counsel for Holloway did not file a counter-affidavit or present a viable reason for rejecting Salzman's interpretation of the issue.

This Court accepts the sequence of events regarding service of process as presented by attorney Salzman in his affidavit. On the present record, the Court determines that Holloway failed to serve Strauss, but counsel for Strauss nevertheless filed a notice of

removal on June 23, 2008. (Doc. # 22-2). It appears that Select was served sometime prior to May 21, 2008. (Doc. # 22-2).[2]

Of great importance to the resolution of the matter at hand, Strauss indicated in the notice of removal: "All other Defendants consent to the removal and, therefore, unanimity exists." (Doc. # 1 at 3). The notice of removal is signed by counsel for Strauss, but not counsel for Select.

The basis of Holloway's motion to remand and motion to strike is that the notice of removal is defective because both counsel for Strauss and counsel for Select were required to sign the notice of removal for unanimity to exist. This Court disagrees with Holloway's position.

### III. **Analysis**

A defendant may remove to federal court a civil case filed in state court if the plaintiff originally could have brought the case in federal court. 28 U.S.C. § 1441(a). However, remand is appropriate when there is a defect in the removal process. See 28

---

[2] Neither Holloway nor the Defendants in this case provide a definitive date for service upon Select and Strauss. Holloway argues in her opposition to Defendants' motion for leave to file an amended notice of removal (Doc. # 24) that Select filed an answer to the complaint on May 21, 2008. This contention is echoed in Defendants' filings (Doc. # 22 at 2). Select's alleged answer to the complaint is not a part of the record. Local Rule 4.02(b), M.D. Fla., requires: "The party effecting removal shall file with the notice of removal a true and legible copy of all process, pleadings, orders, and other papers or exhibits of every kind, including depositions then on file in the state court." In this case, the alleged answer has not been filed and neither has evidence of service of process for either Defendant.

U.S.C. § 1447(c); Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1044 (11th Cir. 2001).  The removing party bears the burden of demonstrating that removal was proper. Whitt v. Sherman Int'l Corp., 147 F.3d 1325, 1329 (11th Cir. 1998).

Failure to obtain the consent of all co-defendants is one defect that makes remand appropriate.  As the Eleventh Circuit has noted, "the law is well settled that in cases involving multiple defendants, all defendants must consent to the removal of a case to federal court."  See Russell Corp., 264 F.3d 1040; Bailey v. Janssen Pharm., Inc., No. 07-12258, 2008 U.S. App. LEXIS 16042, 21 Fla. L. Weekly Fed. C 945 (11th Cir. July 29, 2008)("The unanimity rule requires that all defendants consent to and join a notice of removal in order for it to be effective."); see also Williams v. Equifax Info. Servs., LLC, 359 F. Supp. 2d 1284 (M.D. Fla. 2004)("It is well-settled that in cases involving multiple defendants, if all defendants do not consent to the removal of a case to federal court, the removal is improper under 29 U.S.C. § 1447(c)."); Jones v. Florida Dep't of Children and Family Servs., 202 F. Supp. 2d 1352 (S.D. Fla. 2002)("Although there is no express statutory requirement for joinder or consent by co-defendants, the Eleventh Circuit, along with numerous district courts agree that all named defendants must join the removal petition for removal to be proper within the meaning of § 1447(c).")(citing In Re Ocean Marine Mut. Prot. and Indem. Ass'n, Ltd., 3 F.3d 353, 355-56 (11th

Cir. 1993). This rule is known as the rule of unanimity. See Jones, 202 F. Supp. 2d at 1354.

In this case, it is clear that both Defendants Strauss and Select consent to removal. Strauss filed his notice of removal on June 23, 2008, indicating that unanimity existed and, thereafter, on July 23, 2008, Select filed its "Notice of Consent to Removal" indicating that it "consented to the removal of this case to this Court by defendant Kurt Strauss, on or before June 23, 2008, the date on which Mr. Strauss filed his Notice of Removal." (Doc. # 12).

Holloway does not contend that actual consent to remove by both parties is absent. Instead, Holloway asserts that the notice of removal was technically flawed due to the absence of Select's signature on the notice of removal. In the alternative, Holloway asserts that Select's notice of consent to removal was not timely submitted to the Court.

Holloway relies on Nathe v. Pottenberg, 931 F. Supp. 822 (M.D. Fla. 1995), which states, "To effect removal, each defendant must join in the removal by signing the notice of removal or by explicitly stating for itself its consent on the record, either orally or in writing, within the 30-day period prescribed in 28 U.S.C. § 1446(b)." Id. at 825. Holloway also relies on Williams, 359 F. Supp. 2d 1284. In Williams, the plaintiff filed suit against three defendants (Equifax, Experian, and ARS) in state

court on October 4, 2003. Id. at 1285.  The state court complaint alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, among other things.  Equifax and Experian filed a notice of removal on November 6, 2003, and the district court opened a civil case (Case No. 6:03-cv-1582). Id.  On November 13, 2003, ARS filed a separate notice of removal, and the district court opened a separate case (Case No. 6:03-cv-1629). Id.  Williams moved to remand based on lack of proper removal.  The court granted the motion to remand, noting: "The Court finds that Experian and Equifax did not consent to ARS's notice of removal." Id. at 1286.

The court in Williams analyzed 28 U.S.C. § 1446(a),(d) and determined, "Both sections indicate that even multiple defendants should file a single notice, not 'notice(s).'" Williams, 359 F. Supp. 2d at 1286.  The Williams court discussed the manner in which other courts have addressed multiple notices of removal and insisted on "one notice of removal." Id.  The court indicated that multiple defendants seeking removal should not file separate notices of removal and that such defendants are required "to join the notice of removal or actually consent to such action." Id. (internal citations omitted).

Importantly, the separate notices of removal filed by the defendants in the Williams case did not mention one another. Williams stands in stark contrast to the present case where there was only one notice of removal filed; that notice of removal

indicated that the other defendant, Select, joined; and thereafter, Select filed a notice of consent to removal referencing the initial notice of removal.

After due consideration, this Court finds that the cases cited by Holloway actually support Defendants' united position. Holloway does not assert that Strauss's notice of removal was untimely.[3] Select joined in the timely filed notice of removal and then filed a written notice of consent to removal within one month of Strauss filing the original notice of removal. This chain of events is consistent with the Eleventh Circuit's recent opinion adopting the "last-served defendant rule." Bailey, 2008 U.S. App. LEXIS 16042, at *4.

In Bailey, the Eleventh Circuit explained:

> On its face, § 1446(b) does not appear to address itself to multi-defendant litigation. In applying the statute to multi-defendant litigation, courts have split over whether each individual defendant has a right to seek removal within thirty days of receipt of service or whether the appropriate time window for § 1446(b) runs from receipt of service by the first-served defendant only -- in other words, whether the "first-served" or "last-served" defendant triggers § 1446(b)'s limitations period.

Bailey, 2008 U.S. App. LEXIS 16042, at *6-7. The Eleventh Circuit adopted the "last served defendant rule," allowing defendants who

---

[3] In Goodyear Tire & Rubber Co. v. Fuji Film, Co., 645 F. Supp. 37 (S.D. Fla. 1986), the court noted, "It is axiomatic that a defendant who receives a copy of the complaint prior to legal service upon him may file his petition for removal then. Lack of service is not a bar to removal." Id. at 39.

did not file a notice of removal within thirty days of service to join in a notice of removal filed by a later served defendant so long as the later served defendant's notice of removal is timely filed. Specifically, the Court held:

> The unanimity rule requires that all defendants consent to and join a notice of removal in order for it to be effective. The last-served rule is not inconsistent with the rule of unanimity. Earlier-served defendants may choose to join in a later-served defendant's motion or not, therefore preserving the rule that a notice of removal must have the unanimous consent of the defendants. The unanimity rule alone does not command that a first served defendant's failure to seek removal necessarily waives an unserved defendant's right to seek removal; it only requires that the later-served defendant receive the consent of all then-served defendants at the time he files his notice of removal.

Id. at *14-15 (citations omitted).

This Court also finds instructive the case of Gay v. Fluellen, 8:06-cv-2382-T-30MSS, 2007 U.S. Dist. LEXIS 14348 (M.D. Fla. 2007). In Gay, the plaintiff sued two defendants, Fluellen and Libra, and effected service on both defendants on November 13, 2006. Id. at *2. On the face of the complaint, the amount in controversy was only $15,000. Id. at *1-2. On December 5, 2006, the plaintiff filed a discovery document indicating that she sought over $75,000 in damages. Id. at *2. Defendant Libra filed a notice of removal on December 26, 2006, indicating that Fluellen "will consent to removal." Id. at *3. On January 16, 2007, as in the present case, Fluellen filed a separate "consent to removal" document. Id.

The <u>Gay</u> court determined that "[t]o satisfy the unanimity requirement each defendant must join in the removal by signing the notice of removal <u>or by explicitly stating for itself its consent on the record</u>, either orally or in writing, within the thirty day period prescribed in § 1446(b)." <u>Gay</u> at *6 (emphasis added).  The court denied the plaintiff's motion to remand explaining:

> Although Libra and Fluellen were served with the Complaint on November 13, 2006, the allegations of the [C]omplaint alone do not indicate whether the amount in controversy would support the removal of this case from state court to federal court.  On or about December 6, 2006, plaintiff filed and served its response to defendant's request for production.  Thus, under the facts of this case, Defendants needed to file a notice of removal within 30 days of December 6, 2006.  It is undisputed that Libra filed a notice of removal on December 26, 2006.  Clearly, the notice of removal was timely. . . .  In the notice of removal, . . . Defendant made a statement of consent to removal once Fluellen was served.  While Attorney Fraley was not aware that Fluellen had already been served, this consent is sufficient[.]

<u>Id.</u> at * 7-8.

As in <u>Gay</u>, the complaint in the present case did not initially reveal a basis for diversity of citizenship.  Holloway erroneously listed Strauss as a resident of Florida.  Select was served before Strauss.  Select, as the first served Defendant, was entitled to consent to join the later served Defendant Strauss's timely filed notice of removal, particularly in light of the fact that Select would have no reason to know that diversity of citizenship existed at the time Select was served with the complaint.

While this Court must construe removal statutes strictly and resolve any doubts in favor of remand, <u>Whitt</u>, 147 F.3d at 1329, this Court denies the motion to remand in this case.  There is no statutory requirement that all defendants physically sign the notice of removal.  This Court sees no reason to insert additional requirements into an already complex statutory scheme.

Further, when counsel for Strauss timely filed the notice of removal representing to the Court that both defendants consented to removal, he did so under Rule 11 of the Federal Rules of Civil Procedure.  This Court is willing to accept the representations of Strauss's counsel as stated in the notice of removal.

Accordingly, this Court finds that Defendants complied with the removal statutes, and Holloway's motion to remand and motion to strike are both due to be denied.  This Court denies Defendants' request to file an amended notice of remand as such amended filing is not necessary.  Further, this Court denies as moot Defendants' motion for leave fo file a reply, as this Court needs no further instruction at this time.

Accordingly, it is now

**ORDERED, ADJUDGED** and **DECREED:**

1. Plaintiff's Motion to Remand (Doc. # 11) is **DENIED**.
2. Plaintiff's Motion to Strike (Doc. # 14) is **DENIED**.

3.  Defendants' Opposition to Plaintiff's Motion to Remand and Motion to Strike and Defendants' Motion for Leave to File Amended Notice of Removal (Doc. # 22) is **DENIED.**

4.  Defendants' Motion for Leave to File Reply to Plaintiff's Opposition to Defendants' Motion for Leave to File Amended Notice of Removal (Doc. # 26) is **DENIED AS MOOT.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>7th</u> day of October, 2008.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record